Cardillo & Corbett
Attorneys for Plaintiff
Oceanchart Limited
29 Broadway
New York, New York 10006
Tel: (212) 344-0464
Fax: (212) 797-1212

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
OCEANCHART LIMITED,

                    Plaintiff,

       v.

A & B MARINE CHARTERING S.A.
and ALEXANDER & BLAKE LIMITED,

                    Defendants.
------------------------------------x

JUDGE CASTEL

08 CV 0490

VERIFIED COMPLAINT



       Plaintiff, OCEANCHART LIMITED (hereinafter "Plaintiff"), by its attorneys, Cardillo & Corbett, as and for its Verified Complaint against defendants A & B MARINE CHARTERING S.A. (hereinafter "A & B") and ALEXANDER & BLAKE LIMITED (hereinafter "Alexander & Blake"), alleges upon information and belief as follows:

       1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. §1333.

       2. Plaintiff is a British Virgin Islands corporation having an address at Jipfa Building, 3rd Floor, Road Town, Tortola, British Virgin Islands.

       3. At all times material, Plaintiff was the

disponent owner of the M/V CRUISER (hereinafter the "Vessel").

4. Defendant A & B is a foreign corporation with an address and place of business at Suite 300, 145 Lakeshore Road East, Oakville, Ontario, Canada LJ6 1H3.

5. Defendant Alexander & Blake is a foreign corporation with an address and place of business at Suite 300, 145 Lakeshore Road East, Oakville, Ontario, Canada LJ6 1H3.

### AS AND FOR PLAINTIFF'S CAUSE OF ACTION AGAINST DEFENDANT A & B-BREACH OF CONTRACT

6. Under a contract dated December 13, 2006 (the "Charter Party"), Plaintiff chartered the Vessel to A & B for one trip from Brazil to West Africa with a cargo of salt.

7. The Vessel duly performed the Charter Party from December 16, 2006 through February 11, 2007.

8. Under the terms of the Charter Party, there is due and owing to Plaintiff from A & B the sum of $124,158.14, no part of which has been paid, although duly demanded.

9. Despite these demands, A & B has failed to pay the debt due and owing to Plaintiff, whereby Plaintiff has been damaged in the sum of $124,158.14.

10. A & B has admitted to the Plaintiff that the sum of $51,889.48 is due and owing to the Plaintiff under the terms of the Charter Party, but has failed to remit that sum

to Plaintiff in part payment of the amount due.

11. The Charter Party provides that any disputes arising under it shall be referred to arbitration in London under English law.

12. Plaintiff has commenced arbitration in London against A & B in accordance with the Charter Party.

13. Interest, arbitrators' fees and attorneys' fees are routinely awarded to the prevailing party under English law. As best as can now be estimated, Plaintiff expects to recover the following amounts in the action:

| | | |
|---|---|---|
| A. | On the principal claim: | $ 124,158.14 |
| B. | 3 years interest at from March 1, 2007 at 7% per annum: | $ 26,073.21 |
| C. | Arbitrator's fees and expenses: | $ 35,000.00 |
| D. | Attorneys' fees: | $ 50,000.00 |
| TOTAL | | $ 235,231.35 |

AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION AGAINST ALEXANDER & BLAKE. BREACH OF CONTRACT, IN THAT ALEXANDER & BLAKE IS THE ALTER EGO OF A & B

14. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-13 of this Complaint as if set forth at length hereinafter.

15. At all material times A & B and Alexander & Blake had the same office address and are commonly owned and managed members of a family of companies.

16. At all material times there existed such unity of ownership and interest between the A & B and Alexander & Blake that no separation exists between them. Alexander & Blake dominates and controls A & B such that there is no meaningful difference between them, and Alexander & Blake is the alter ego of A & B, in that: (a) Alexander & Blake routinely pays the regular trade accounts of A & B; and (b) A & B and Alexander & Blake do not deal with each other at arms length, in that A & B performs transportation services for Alexander & Blake without consideration.

17. Plaintiff is aware of three instances of payments by Alexander & Blake of the trade accounts of A & B to wit: i) on December 19, 2006, $336,945.63 of time charter hire and other sums due to Plaintiff under the Charter Party from A & B were paid by Alexander & Blake; ii) on January 10, 2007, $210,038.37 of time charter hire due to Plaintiff under the Charter Party from A & B was paid by Alexander & Blake; iii) on January 30, 2007, $78,527.25 of time charter hire and other sums due to Plaintiff under the Charter Party from A & B were paid by Alexander & Blake, these three remittances being all the payments made to Plaintiff under the Charter Party.

18. By reason of the alter ego relationship between A & B and Alexander & Blake, Alexander & Blake is fully liable to Plaintiff for the sums due under the Charter Party as

4

alleged herein.

### AS AND FOR PLAINTIFF'S SECOND CAUSE OF ACTION AGAINST ALEXANDER & BLAKE -ALEXANDER & BLAKE WAS THE UNDISCLOSED PRINCIPAL OF ITS AGENT A & B

19. Plaintiff repeats and realleges each and every allegation in paragraphs 1-18 of this Complaint as if set forth at length hereinafter.

20. The role of A & B is to obtain transportation from third parties-in this case the Plaintiff-to service the business of Alexander & Blake.

21. Although not disclosed to Plaintiff, A & B did not act as a principal in securing the Charter Party, and thereby obtaining the needed transportation service for Alexander & Blake's business, but acted as Alexander & Blake's agent in that regard.

22. A & B did not make the usual arms length sub-charter party contract with Alexander & Blake, nor receive the usual sub-freight payments from Alexander & Blake for providing the transportation services of the Vessel to Alexander & Blake, thereby confirming its role as the mere agent for Alexander & Blake.

23. Although A & B appears on the Charter Party as the charterer, i.e., as a principal, it acted as the agent of its undisclosed principal, Alexander & Blake.

24. By reason of its role as undisclosed principal under the Charter Party, Alexander & Blake is fully liable to Plaintiff for the damages claimed herein.

### DEFENDANTS CANNOT BE FOUND WITHIN THE DISTRICT

25. The Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but upon information and belief, the Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court held in the hands of garnishees including, but not limited to, ABN Amro Bank, American Express Bank, Bank of America, Bank of Communications Co. Ltd. New York Banch, Bank of New York, Barclays Bank, BNP Paribas, Citibank, Deutsche Bank, HSBC (USA) Bank, J.P. Morgan Chase, Standard Chartered Bank, UBS AG and/or Wachovia Bank.

26. Plaintiff seeks an order from this Court directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Admiralty Rules and the Federal Arbitration Act, 9 U.S.C. §§ 1 and 8 attaching, *inter alia*, any assets of the Defendants held by the garnishees for the purpose of obtaining personal jurisdiction over the Defendants, and to secure Plaintiff's claim in arbitration as described above.

WHEREFORE, Plaintiff prays:

A. That process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged;

B. That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment, pursuant to Rule B of the Supplemental Admiralty Rules and the Federal Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including, but not limited to, ABN Amro Bank, American Express Bank, Bank of America, Bank of Communications Co. Ltd. New York Banch, Bank of New York, Barclays Bank, BNP Paribas, Citibank, Deutsche Bank, HSBC (USA) Bank, J.P. Morgan Chase, Standard Chartered Bank, UBS AG and/or Wachovia Bank, which are the property of the Defendants, in the amount of $235,231.35 to secure Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged;

C. That this Court retain jurisdiction over this

matter through the entry of a final arbitral award and any appeals thereof; and

   D.  That Plaintiff has such other further and different relief as this Court may deem just and proper.


Dated: January 17, 2008
       New York, New York


                              The Plaintiff
                              OCEACHART LIMITED

                              By: _____
                              Francis H. McNamara (FM4649)
                              Cardillo & Corbett
                              29 Broadway
                              New York, New York 10006
                              Tel: 212-344-0464
                              Fax: 212-797-1212

## ATTORNEY VERIFICATION

STATE OF NEW YORK    )
                     : ss.:
COUNTY OF NEW YORK   )

1. My name is Francis H. McNamara.

2. I am over 18 years of age, of sound mind, capable of making this Verification and fully competent to testify to all matters stated herein.

3. I am the attorney for the Plaintiff, OCEANCHART LIMITED, in this action. I am fully authorized to make this Verification on its behalf.

4. I have read the foregoing Verified Complaint and the contents thereof are true and accurate to the best of my knowledge, information and belief.

5. The reason that this Verification was made by me and not the Plaintiff is that the Plaintiff is a corporation none of whose officers are present in this District.

6. The source of my knowledge is information and records furnished to me by the plaintiff's attorneys in Singapore, all of which I believe to be true and accurate.

Dated:   January 17, 2008
         New York, New York

_____
Francis H. McNamara

Sworn to before me this
17th day of January, 2008

_____
Notary Public

CHRISTOPHIL B. COSTAS
Notary Public, State of New York
No. 31-0773693
Qualified in New York County
Commission Expires April 30, 2011